

**THE CITY OF NEW YORK**

**JAMES E. JOHNSON**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GIANCARLO MARTINEZ**
*Assistant Corporation Counsel*
Phone: (212) 356-3541
Fax: (212) 356-3509
gmartine@law.nyc.gov

April 21, 2020

**BY ECF**
Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Ronald De'Shields v. City of New York, et al.,
               18 Civ. 8885 (RA)

Your Honor:

      I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the defense of the above referenced matter. I write jointly on behalf of the parties to request (1) a 90-day extension of the April 30, 2020 discovery deadline, to July 30, 2020, in light of the recent developments surrounding the COVID-19 public health pandemic, and (2) should the extension be granted, that the post-discovery conference, currently scheduled for May 8, 2020, be adjourned to a date convenient to the Court. This is the parties' fourth request for an extension of time to complete fact discovery.

      By way of background, the parties have continued to productively advance discovery since the parties' last request for an extension in January 2020. Defendants have deposed Plaintiff Ronald De'Shields. However, as of today, the U.S. Marshals Service has not yet served Defendant Jonathan Former Officer Parker, whose deposition Plaintiff intends to take. See DE 73. Plaintiff has attempted on multiple occasions over the past month to call the U.S. Marshals Service regarding the status of service of Defendant Parker, but has been unable to make contact. Given the ongoing public health emergency, this extension of time is necessary to complete discovery.

      As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, although most communication may be exchanged through the use of ECF or email, some correspondence, particularly correspondence pertaining to discovery, still requires the use of regular mail. Defendants are not physically present to receive mail sent to the office, and therefore are unable to reliably receive correspondence from plaintiffs. Moreover, working from home also complicates sending correspondence to plaintiffs, and undermines efforts to keep individuals at home and away from situations that could result in contracting the virus.

Working from home also creates complications in regards to coordinating and taking depositions. First, the logistical challenges of arranging for remote depositions are always significant, and are further exacerbated by the added difficulty of having multiple parties join remotely from multiple locations, as well as the added difficulty of managing parties' different technological capabilities. Second, preparing witnesses for depositions remotely is also logistically challenging, particularly when it comes to the review of documents, many of which may not be saved in formats that are easily shared via electronic means, and conferring on matters of privilege.

As another example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully prepare officers for deposition and follow up on documentary discovery.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

      For the reasons set forth above, the parties respectfully request that the Court (1) grant a 90-day extension of the April 30, 2020 discovery deadline to July 30, 2020, and (2) should the extension be granted, adjourn the post-discovery conference, currently scheduled for May 8, 2020, to a date convenient to the Court. This will give the parties the time and opportunity needed to adjust to these new circumstances and complete discovery.

      Thank you for your consideration.

      Respectfully submitted,

      /S/ *Giancarlo Martinez*
      Giancarlo Martinez
      *Assistant Corporation Counsel*

cc:   **BY ECF**
     All Counsel of Record

---

Application granted. The post-discovery conference scheduled for May 8, 2020 is hereby adjourned to August 7, 2020 at 12:00 p.m. No later than July 31, 2020, the parties shall submit a joint letter updating the Court on the status of the case, including but not limited to whether any party intends to file a dispositive motion and what efforts the parties have made to settle the action.

SO ORDERED.

Hon. Ronnie Abrams
4/22/2020